[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO SET ASIDE THE VERDICT
Subsequent to oral argument on April 23, 2001, the court has listened to the audiotape of defense counsel's final argument in the trial and has also reviewed portions of the transcript of Dr. Aiello's appearance at the trial. The court had invited and allowed defendant to submit a post-argument brief in order to accommodate the fact that counsel who argued the motion was not the same attorney as was involved in this section of the trial.
The motion to set aside the verdict has been predicated upon the court's having sustained plaintiff's objection to the doctor being allowed to opine that the accident was not the cause of certain later symptomatology.
The physician is a radiologist. He never treated or examined the patient and, as it happened, never saw films of plaintiff either. It is, of course, true that frequently courts entertain the opinions of physicians who have not seen the patient-plaintiff for treatment or examination and who have "merely" reviewed records and reports. Usually, however, said experts practice directly in the specialty of the treaters whose work is reviewed. In this case, however, the proffered radiologist suffered an additional handicap, the absence of films and these are clearly the central tool of his trade. CT Page 6561
Further, the court feels that the doctor's testimony was hardly circumscribed at all, for it was ruled that the doctor could state that one doesn't typically see "clean" (i.e., problem-free) films between trauma and later suffering if the trauma is the purported cause of the suffering. Indeed, within the scope of the court's permission, counsel for defendant might have elicited more.
In any event, the final argument of Attorney Kaisen very skillfully wove a fabric of maximum benefit out of his expert's testimony.
The court believes that it did not abuse its discretion in the ruling made and that defendant's motion to set aside the verdict should be denied.
The Court
Nadeau, J.